IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00505-WYD

DOUGLAS L. BAILEY

    Appellant,

v.

TOM H.CONNOLLY, TRUSTEE OF THE VANUATU BUSINESS TRUST,

    Appellee.

## ORDER

I.    INTRODUCTION

THIS MATTER comes before the Court on Douglas Bailey's appeal arising out of the chapter 11 bankruptcy case (the "Bankruptcy Case") of Ricky Donovan Van Vleet ("Van Vleet"), d/b/a First Financial Centre, Inc. This appeal is one of several related appeals pending before me, including but not limited to: 08-cv-00506-WYD; 08-cv-592-WYD; and 08-cv-1188-WYD.

On January 14, 2008, the Bankruptcy Court entered an order granting Connolly's Motion for Order for Sworn Statements of Douglas Bailey. Bailey asserts that the Bankruptcy Court erred in ordering him to sign the Sworn Statement and for subsequently refusing to vacate that order. Bailey argues that the relief sought in the Sworn Statement Motion could only be granted in an adversary proceeding. Second, that ordering Bailey to sign the Sworn Statement would only be appropriate after prior notice and an opportunity for a hearing. And finally, that the Sworn Statement was

constitutionally compelled testimony in contravention of the Fifth Amendment.

For the reasons stated below, Appellant's appeal of the Bankruptcy Court's order is dismissed.

II.     BACKGROUND

This appeal arises out of the Chapter 11 bankruptcy case of Ricky Donovan Van Vleet. Tom Connolly ("Trustee") was appointed as the trustee of this case on January 24, 2007. On January 22, 2008, the Trustee filed a Motion for Oder to Show Cause Why Debtor and Douglas Bailey Should Not Be Held in Contempt ("Contempt Motion"). On January 24, 2008, the Bankruptcy Court convened a forthwith hearing and set a final evidentiary hearing on the Contempt Motion. At the forthwith hearing, the Bankruptcy Court ordered Bailey to attend the final evidentiary hearing. On February 5, 2008, the trustee noticed Bailey's deposition and moved the Bankruptcy Court for authority to depose Bailey on February 13, 2008. Bailey objected to that request asserting that he was in Vanuatu and was not expected to return to the United States in the near future. In the same Objection, Bailey requested that he permitted to testify by telephone. That request was denied by the Bankruptcy Court.

At a February 6, 2008 hearing in the bankruptcy case, the Trustee testified about his recent trip to Vanuatu and about alleged interference with the bankruptcy estate. At the end of the hearing, the Trustee requested that Bailey go to the authorities in Vanuatu and swear under oath that Sean Griffin had no authority over Encom or KIR assets, that Griffin's possession of any Encom and Kir assets was improper, and that Griffin should return any such assets. On February 13, 2008, the trustee filed Sworn

2

Statement Motion requesting that Bailey sign a sworn statement prepared by the Trustee.

III. ANALYSIS

    A. Appellate Court Jurisdiction

The Trustee asserts that this Court lacks appellate jurisdiction because the order being appealed is not a final order. The Trustee argues that the Bankruptcy Court's Sworn Statement Order did not finally determine any issue. Rather, it instructed Bailey to sign certain statements under oath, but it did not specify what sanction would be imposed if Bailey failed to admit some or all of the statements. The Trustee contends that the order is a preliminary order analogous to a pretrial order compelling discovery.

Bailey in his reply argues that when an order compelling testimony cannot be collaterally attacked, then a direct appeal of the order compelling testimony is proper. Bailey also argues that the Sworn Statement Order is a section 105(a) mandatory injunction subject to direct appeal under 28 U.S.C. § 158(a)(1). Bailey argues in the alternative, the Sworn Statement Order would be reviewable on appeal under the collateral order exception to the finality rule. Bailey also argues that interlocutory appeal would be appropriate in this case.

Section 158(a) of Title 28 of the United States Code gives this Court authority to hear certain appeals in bankruptcy cases. This Court has jurisdiction over appeals from; (1) final orders, judgments or decrees, (2) interlocutory orders under 11 U.S.C. §1121(a) and (3) with leave of the court, other interlocutory orders and decrees of bankruptcy judges. 28 U.S.C. §158(a)(1)-(3).

Bailey argues a direct appeal of the order compelling testimony is proper citing *In re Martinez*, 126 Fed. Appx. 890 (10th Cir. 2005)(unpublished opinion). I find that *Martinez* does not stand for such a proposition. In *Martinez*, the debtors appealed an order granting summary judgment denying their discharge. The denial of their discharge was based on the debtors wilful refusal to respond to material questions approved by the court. The debtors argued that the bankruptcy court improperly granted summary judgment based on the fact that they failed to seek reconsideration or otherwise appeal its Order to Compel. The debtors argued that they could not be denied a discharge for failing to comply with the order compelling their testimony because the order was an interlocutory discovery order and was therefore not appealable. The court pointed out first, the debtors had the opportunity to request reconsideration from the bankruptcy court and they failed to do so. Second, the debtors could have requested a discretionary interlocutory appeal before the district court. *Id.* at *899. I note that nowhere in the *Martinez* opinion does the Tenth Circuit state that the district court must grant jurisdiction to hear such an appeal. Nor does the Tenth Circuit state that such an interlocutory appeal is converted to a direct appeal. Rather, the district court has *discretion* to hear such an appeal. *Id.* (citing *In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003)(stating "under Section 158 (a)(3), a district court has *discretionary* appellate jurisdiction over an interlocutory order of a bankruptcy court")(emphasis added).

Nor am I persuaded that the Sworn Statement Order is a mandatory injunction order which is a final order subject to direct appeal under 28 U.S.C. § 158(a)(1). In

4

general, an order must grant some substantive relief on a claim before it can be appealed as an injunction. See *Caplin v. Fellheimer Eichen Braverman & Kaskey*, 68 F. 3d 828, 835 (3d Cir. 1995)(distinguishing non-appealable injunctive orders as having in common the characteristic that "while significant, they do not either grant or deny the ultimate relief sought by the claimant"). See also *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 32 F.3d 1175, 1177 (7th Cir. 1994)(where a discovery order to produce witness for deposition was held to be not appealable because no substantive rights involved. "Most discovery orders become moot in the course of the proceedings in which they are issued, and so do not inflict irreparable harm, the justification for allowing an interlocutory order to be appealed immediately, interrupting the litigation in the district court and raising the specter of multiple appeals in the same case. In the usual case in which a discovery order does have serious, irrevocable consequences, immediate appellate review can be obtained by disobeying the order and appealing the judgment of contempt that is bound to ensue"). Here, no substantive relief on a claim was granted and the Trustee has not taken any action to hold Bailey in contempt for not signing the Sworn Statement.

Bailey has not demonstrated that the collateral order exception applies. The collateral order doctrine is an exception to the final judgment rule. *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 93 L. Ed. 1528, 69 S. Ct. 1221 (1949). "To qualify for this limited exception, the order must conclusively determine the disputed question..., resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Magic Circle*

5

*Energy 1981-A Drilling Program v. Lindsey (In re Magic Circle Energy Corp.*), 889 F.2d 950, 954 (10th Cir. 1989). "For appeals of decisions falling within the collateral order exception, the Court has given 28 U.S.C. § 1291 a 'practical rather than a technical construction,' and held that these types of interlocutory appeals ought to be treated as appeals from final decisions." *Id.* (quoting *id.*) For example, in *Abney v. United States,* 431 U.S. 651, 657-62 (1977), the Court held that the pretrial denial of a motion to dismiss an indictment on double jeopardy grounds falls within the collateral order exception to the final judgment rule first announced in *Cohen. Id.* Further, the denial of a defendant's motion for summary judgment based on qualified immunity is also a collateral order for which an interlocutory appeal is available. *Id.* at 575 (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 530 (1985). Also, the denial of a motion to compel arbitration divests the district court of jurisdiction to proceed on the merits of the underlying claim so long as the appeal of the denial of that motion is nonfrivolous. *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1160 (10th Cir. 2005).

Bailey has cited to absolutely no case similar to this case where the collateral doctrine exception has applied. Further, Bailey is raising this issue for the first time in his reply brief and has deprived the Trustee of the opportunity to provide any legal precedent that would may compel a contrary result. See *United States v. Gonzales*, 531 F.3d 1198, 1201 (10th 2008)(declining to address the merits of jurisdictional argument raised for the first time in a reply brief)(citing *Stump v. Gates*, 211 F.3d 527, 522 (10th Cir. 2000)(raising issue for first time in reply brief "robs the appellee of the opportunity to demonstrate that the record does not support an appellant's factual

assertions and to present an analysis of the pertinent legal precedent that may compel a contrary result"). In fact, other than making a blanket statement as to jurisdiction, Bailey raises none of the jurisdictional arguments addressed in this order in his initial brief. For this and the foregoing reasons, I find that I lack jurisdiction in this matter.

IV. <u>CONCLUSION</u>

Based on the foregoing, it is

ORDERED that Bailey's Appeal of the Sworn Statement Order, filed April 7, 2008 (docket #10) is **DISMISSED**.

Dated: March 23, 2009

BY THE COURT:

<u>s/ Wiley Y. Daniel</u>
Wiley Y. Daniel
Chief U. S. District Judge